## Torres v. Chappell

*Donald Driscoll,* of *Susquehanna Legal Services,* for plaintiffs.
*Gailey C. Keller,* for defendant Chappell.

MYERS, *P.J.,* December 6, 1977 — Plaintiffs filed a complaint in equity in which they requested the court to provide, inter alia, the following relief: an order requiring defendant Chappell to provide plaintiffs with a habitable dwelling; and an order enjoining defendants Holter and Fosse from enforcing an order for possession issued on October 14, 1977. A hearing on plaintiffs' prayer for injunctive relief was held before this court on October 20, 1977.

Briefly, the evidence produced at the hearing es-

tablished that plaintiffs have been living in a house owned by defendant Chappell since June 4, 1977, and that the house was condemned as uninhabitable by the Town of Bloomsburg sometime last spring, prior to the date that plaintiffs moved in.

Since the house is unfit for human habitation, plaintiffs do not have to pay any rent: See Edwards v. Watt, Pa. C.C.P. 26th Jud. Dist. (1975). However, plaintiffs are not trying to avoid rental payments, but rather are attempting to force the landlord to repair the house.

We are aware of no authority — and plaintiffs have cited none — which would enable us to grant the type of relief which plaintiffs request. Clearly, if a landlord rents an uninhabitable building for purposes of residence, the tenants are not required to pay the rent. However, neither is the landlord compelled to make the building tenantable under those circumstances.

For example, suppose the owner of an automobile garage rented that premises to a family to be used as a dwelling place. According to the position put forth by plaintiffs, the garage owner could be forced to install plumbing and heating and otherwise make the garage into a habitable dwelling. The law cannot — and does not — sanction such an absurd result.

In any event, equity will not grant injunctive relief unless the complainant ". . . establish a clear legal right, not doubtful, nor uncertain." Williams v. Bridy, 391 Pa. 1, 7, 136 A. 2d 832 (1957). In the instant case, plaintiffs' right is by no means clear.

In their complaint, plaintiffs aver that they entered into an oral month to month lease with defendant Chappell, at a monthly rental of $125, with heat and hot water to be provided by the landlord.

However, plaintiffs failed to substantiate this averment at the hearing.

Plaintiff Geronimo Torres testified that he paid defendant Chappell $125 on June 4, 1977. Mr. Torres claimed that the money represented rent. However, after June 4, plaintiffs made no further payments to defendant Chappell.

Moreover, plaintiffs produced no evidence of any sort to indicate the duration of the alleged lease. Plaintiffs' evidence as to the other terms of the lease was contradictory, ambiguous, and apparently based on hearsay.

In short, plaintiffs' right to recover is certainly not clear, or free, from doubt. Plaintiffs' evidence as to the terms of the alleged lease is murky, at best. More important, plaintiffs' claim for injunctive relief is apparently based upon a legal theory which is unsupported by statutory or case law of Pennsylvania.

## AMENDED ORDER OF COURT

And now, December 6, 1977, the order of court heretofore entered in the above-captioned matter on October 21, 1977, is hereby amended to the end that this amended order be deemed a decree nisi in which plaintiffs' request for injunctive relief and compensatory damages are hereby denied.

The prothonotary is directed to enter this decree as a final decree unless exceptions are filed thereto within 20 days of the date of such notice.